(Decided March 2nd, 1866.)

---

ELISHA D. WHITNEY *vs.* SAMUEL G. WYMAN, GEORGE H. BYRD AND JAMES C. SMITH, GARNISHEES OF JOSEPH RIPKA ET AL.

CONSIGNOR AND CONSIGNEE.—A factor who receives goods on consignment without any limit as to time, mode or rate of sale, and makes advances or incurs liabilities on account of the goods consigned, thereby acquires a special property in them, and a right to sell, according to the usual course of his duty, so much thereof as may be necessary to reimburse such advances or meet such liabilities. And the consignor has no right by any order given

after the advances have been made or liabilities incurred, to control this right of sale, except so far as relates to the surplus of the goods not necessary for the reimbursement of such advances or liabilities, unless he stands ready and offers to reimburse the advances or liabilities.

APPEAL from the Superior Court of Baltimore City.

This was a case of *attachment on warrant* issued out of the Superior Court of Baltimore City, at the instance of the appellant, to affect the goods, chattels, &c., of Joseph Ripka & Co., non-resident debtors, and laid in the hands of the appellees as garnishees.

It appeared, at the trial, that at the time of the service of this attachment, the appellees had in their hands a large amount of dry goods, which had been consigned to them for sale, as factors, by the said defendants, and on which they had, *previously*, made considerable advances ; and that also prior thereto, to wit : on the 6th of November, 1860, they had accepted an order, drawn by the defendants, in favor of a certain D. C. W. Smith, for $2,000,—provided there should be any balance in their hands.

The garnishees continued the sale of the said goods after the attachment, until June, 1862, when the last parcel was disposed of,—the case having, in the meantime, been continued from term to term.  The entire proceeds of the said sales were not more than sufficient for the reimbursement of the advances made by the appellees, and the discharge of the said order in favor of Smith, and there consequently remained no balance in their hands, applicable to the attachment of the appellant.

With a view to ascertain the state of the account between the garnishees and the defendants, the plaintiff filed interrogatories which the garnishees duly answered.  So far as this appeal is concerned, the facts will be found, chiefly, in the garnishees' answer to the fifth interrogatory, and in the agreement of counsel.

Whitney *vs.* Wyman et al., Garn. of Ripka & Co.

The answer to the fifth interrogatory is as follows :

" The garnishees, in their answer to the first and second interrogatories, have stated that they have on hand, of the goods and merchandise belonging to the said Joseph Ripka & Co., forty-one thousand two hundred and ninety two yards, and that after said goods were consigned to the said garnishees, to wit : on or about December 10th, 1861, the said Ripka & Co. put a limit of prices at which said goods should be sold, and instructed them not to sell the same for less ; that valuing the said goods according to such prices, the said 41,292 yards would realize, in gross, at credit of six months, seven thousand nine hundred and eighty-four dollars and sixty-nine cents, upon which the estimated charges and expenses due to the said garnishees, are five hundred and fifty-eight dollars and eighty-eight cents, leaving as net value of said goods, according to above estimate and limit, the sum of seven thousand four hundred and twenty-five dollars and eighty-one cents ; comparing this net value of goods with what is hereinbefore stated to be the balance due to the said garnishees, as of 6—9 March, 1862, we have as the amount due to the said Joseph Ripka & Co., by the said garnishees, (provided the said goods could be sold realizable, 6—9 March, 1862,) the difference between $7,425 81 and $3,204 23, viz : $4,221 58 ; but the said garnishees feel bound to state that the said goods could not be sold for the prices above limited, and if sold, therefore, they would not realize the aforesaid sum of $7,425 81.

" And the said garnishees, in conclusion, respectfully represent, that any balance which may remain in their hands after satisfying their own aforesaid claim of $3,204 23, and their charges and expenses on said unsold goods, is first to be applied to the payment of the aforesaid claim of D. C. Wharton Smith, of $2,000, and interest from November 3,

1860, till paid, accepted as aforesaid by the said garnishees, which said claim is, as they verily believe, in all respects, for value and *bona fide*."

The agreement of counsel, and the letters to which it refers, are as follows :

" *E. D. Whitney vs. Wyman, et al.*, garnishees of Ripka & Co.—Superior Court.

" It is admitted in this case that a short time prior to March 15, 1862, Bernard Carter, Esq., who was at that time acting as attorney of the garnishees, called on Mr. Dobbin, the attorney of the plaintiff, and asked the latter what the wishes of the said plaintiff were as to the course to be pursued with reference to the said attachment, and the sale of the said goods, and that Mr. Dobbin, a few days thereafter, handed to Mr. Carter the letter of the plaintiff, of March 15, 1862, and the same was sent by Mr. Carter to the garnishees, and returned to Mr. Carter by them, with the 'sketch' mentioned in said letter, accompanied by the letter of the garnishees to Mr. Carter, of March 19th, 1862, and thereupon all of said papers were handed by Mr. Carter to Mr. Dobbin. It is also admitted that prior to this, and about the time of the filing of the answers to the interrogatories, it was agreed between Mr. Dobbin and Mr. Carter that said attachment case should be, from time to time, continued or passed, and that said garnishees should continue the sale of said goods in the usual way, till the same were disposed of. But said agreement was not meant to waive the legal rights of either party to said agreement.

" It is also admitted that the handwriting of the drawer of the check is the proper handwriting of defendants, and the endorsement is the proper handwriting of said Cudbury, and they are co-partners in trade, resident in Philadelphia.

GEORGE W. DOBBIN,
*Attorney for plaintiff.*

BERNARD CARTER,
*Attorney for defendant.*"

"PHILADELPHIA, *March* 15, 1862.

GEORGE W. DOBBIN, *Baltimore*.

"Dear Sir :—Yours of the 14th is received. Messrs. Wyman, Byrd & Co. have written to Ripka & Co., under date of 13th inst., that they have no desire or intention to sell the goods below their views, and this we think is the best shape to keep the matter in, so far as I am concerned, for if they were to sell them so as to produce only about $2,000 more than their own claim, Mr. Smith would take that and I should get nothing, as I come in *after* they and Mr. Smith are paid. The limits given by Ripka, December 10th, we think not too high for some of the goods, and some styles might have to be shaded a little to effect sales, and make them go off this spring, and this is the plan we wish Messrs. Wyman, Byrd & Co. would pursue, so as to make the goods bring enough to pay themselves, Mr. Smith, and a part if not the whole of my attachment. By this course they will get interest on the claim and a commission on the goods when they sell them. Will you be kind enough to ask Messrs. Wyman, Byrd & Co. to give you a *sketch* of such sales as they may have made since 1st of January, and let me have a copy for information.

"The '*blue batch cords*' limited, 10th December, at 22 cents we think a *low* limit, as the same goods are held in this market at 26 cents, and the lowest sale of them since the 1st of January that we have heard of is 25 cents.

"I have no doubt now that Messrs. Wyman, Byrd & Co. do the best they can with these goods, and that they can sell them and realize *a part*, if not the whole, of my attachment.                Yours, truly,

E. D. WHITNEY."

"BALTIMORE, *March* 19, 1862.

BERNARD CARTER, ESQ., *Baltimore*.

"Dear Sir :—We have your favor of yesterday enclos-

ing letter from E. D. Whitney to G. W. Dobbin, which we return herewith. As requested, we wait on you with above sketch of Ripka's goods since 1st January.

Yours, most truly,

WYMAN, BYRD & Co."

Sketch of Sales by Wyman, Byrd & Co. for account of Messrs. Joseph Ripka & Co., since sales rendered.

| | | | | |
|---|---|---|---|---|
| B. B. S. C. 619, 1 | Case Star Checks, | 20, | 6 Months. |
| W. C. 2120, 1 | "    Union Checks, | 17, | "      " |
| W. S. 3937, 1 | "    Union Stripes, | 17, | "      " |
| B. B. C. 2249, 1 | "    Brown Ribbed Cass. | 17, | "      " |

4 Cases.

It was admitted that in the sale of the said goods the garnishees acted in good faith, and obtained the best market price therefor, and that no limit was placed upon the sales of said goods prior to 10th December, 1861.

The plaintiff then prayed the Court to instruct the jury as follows:

If the jury shall find from the evidence that on the 23d of January, 1862, the garnishees had in their hands goods of the defendants, consigned by them to the said garnishees under limits of price previously given, and that the said goods, if sold at the said limits, would have produced $7,984.69, and if they shall find that the only sum owing by the said defendants to the said garnishees was the sum of $3,204.42, due on the 9th of March, 1862, and that the said garnishees had, prior to the issuing of this attachment, to wit: on the 5th of November, 1860, accepted an order drawn in favor of one Smith by said defendants on said garnishees for $2,000, with interest from the 5th of November; and that on or about the 14th of March, 1862, the said garnishees applied to the plaintiff in this attachment to know what his wishes were in relation to the sale of

said goods, when the said plaintiff communicated to the said garnishees his wish that the said goods should not be sold under the said limits, then the plaintiff is entitled to recover under the second issue the whole value of said goods at said limits, to wit: the sum of $7,984.69, or such other sum as they may think would have been produced by the sale of said goods in conformity to the wishes of the plaintiff, if they find such wishes, less the debt due by the defendants to the said garnishees, and the amount of the order and interest due to Smith, notwithstanding the jury may find that the said garnishees did, in fact, sell the said goods for the best market price, being less than the said limits ; unless they shall also find that the said garnishees gave notice to the plaintiff of their intention to sell below the said limits, and requested him if he desired to avoid said sale to provide other means for their reimbursement.

And the garnishees prayed the Court to instruct the jury as follows :

1st. If the jury find from the evidence that goods were consigned by the defendants, J. Ripka & Co., to the garnishees, Wyman, Byrd & Co., on which the said Wyman, Byrd & Co. had made advancements prior to the issuing and service of the attachment in this case, and that also prior thereto the said Wyman, Byrd & Co. had accepted an order drawn by the said J. Ripka & Co., in favor of a certain D. Wharton Smith, and shall further find that the said goods were sold by the said Wyman & Co., and there remained no balance on the sales thereof in their hands after reimbursing themselves for their advancements, and deducting proper charges and commissions for the said sales, and the discharge of the order before mentioned, then, that the plaintiff is not entitled to recover ; provided the said garnishees used reasonable skill and ordinary diligence in effecting the sales of said goods, and sold the same at the dates shown by the accounts offered in evidence by

the garnishees, and for the best rates then obtainable for said goods in the market.

2nd. If the jury find from the evidence that goods were consigned by the defendants, J. Ripka & Co., to the garnishees, Wyman, Byrd & Co., on which the said Wyman, Byrd & Co. had made advancements prior to the issuing and service of the attachment in this case, and also prior thereto, the said Wyman, Byrd & Co., had accepted an order drawn by the said J. Ripka & Co., in favor of a certain D. Wharton Smith, offered in evidence by the garnishees; and shall further find that the said goods were sold by the said Wyman, Byrd & Co., and that neither at the time of serving said attachment nor since did there remain any balance in their hands upon said sales after the reimbursing of themselves for their advancements, and deducting proper charges and commissions, and the discharge of the order before mentioned, then the plaintiff is not entitled to recover.

3rd. That there is no evidence of any demand of payment of the check, which constitutes the cause of action of the plaintiff in this case, and of due notice of non-payment of the same of the drawers, nor any service of notice of said demand, and that in the absence of such evidence the plaintiff cannot recover.

4th. That there is no evidence to entitle the plaintiff to recover against the defendants for money lent by the plaintiff to the defendants, and that under the short note filed the plaintiff is not entitled to recover for any other cause of action.

The Court (MARTIN, J.) rejected the plaintiff's prayers, and the third and fourth prayers of the garnishees, and granted the garnishees first and second prayers, and from this action of the Court the present appeal is taken.

This cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*George W. Dobbin* and *George L. Dobbin,* for appellant, argued :

That as the garnishees held the goods in question under limits of price they were bound to give notice to the plaintiff of their intention to sell without regard to the limits, so as to have given the plaintiff an opportunity to reimburse and discharge the advances they had made to the defendants, and the liability they had come under to Smith ; and that having sold without regard to said limits, and without notice to the plaintiff, they are responsible to the plaintiff for whatever the goods would have yielded, if sold at the limits, over and above their advances, acceptance and expenses. *Brown & Co. vs. McGran,* 14 *Peters,* 494.

*Levin Gale* and *Bernard Carter* for the appellees.

The questions raised by the prayers may be considered under the following heads :

1st. The liability of the appellees, as garnishees, to the appellant, in respect of the goods consigned to them by the defendants, must mainly depend upon their responsibility to the defendants on account of those goods. *Balto. & Ohio R. R. Co. Garn. of Cent. O. R. R., vs. Wheeler,* 18 *Md. Rep.,* 379. It will hereafter be shown in what cases it is less than that which the defendants might enforce against them.

2nd. That at the time of the consignment of the goods to the appellees, and their advances thereon, there were no limits imposed, or instructions given, by the defendants, either as to the time or mode of sale. The appellees acquired, therefore, the ordinary rights of factors to sell, in the exercise of a sound discretion, at such time and in such mode, as the usage of trade, and their general duty required. *Brown and others vs. McGran,* 14 *Peters,* 479— 495, 496.

3rd. That contemporaneously with the said consignment and advances, there was no contract or agreement, express or implied, in relation to the time or mode of selling the said goods. Neither the defendants, nor the appellant, could, therefore, *by any subsequent orders or instructions,* suspend, modify, or control the right of sale thus acquired by the appellees,—such orders or instructions, if any, not having been accompanied with any offer to reimburse the appellees for their advances. See cases cited under third point.

4th. That there is no evidence to show that any limits were, *at any time,* imposed by parties authorized to do so ; and that if any limits were so imposed, they were removed by the action of the assignee of J. Ripka & Co.

5th. That the interview between Messrs. Carter and Dobbin, and the subsequent receipt and delivery to them of the plaintiff's letter, did not create a contract or agreement, by which the appellees relinquished, or surrendered the *previous* legal right, thus so clearly acquired by them, of selling the said goods for the purpose of realizing their advances.

A. Because no proposition to that effect was made, either in the said letter of the plaintiff, or by Mr. Dobbin, in the course of his interview with Mr. Carter.

.B. If there was, the appellees never assented to it, either expressly, or by implication, directly or through the medium of Mr. Carter.

C. If Mr. Carter assented, expressly or impliedly, he had no authority, as an Attorney at Law to do so ; nor did he possess any authority, derived by virtue of any special delegation from the appellees.

D. Because, if the element of assent were not wanting, the agreement on the part of the appellees, having neither been founded on any valid consideration, nor made under seal, can only be regarded as a *nudum pactum.*

Whitney *vs.* Wyman et al., Garn. of Ripka & Co.

6th. Factors and other bailees for hire are generally held only for a reasonable exercise of skill, and for ordinary care and diligence in their vocation. It having been admitted at the trial in the Court below, that in the sale of said goods, the appellees acted in good faith, and obtained the best market prices for them, the manner and character of the sales cannot be called in question. *Story on Bailments, secs.* 455, 456.

7th. But in any event, there having been no credit or balance in the hands of the appellees, after the reimbursement of their advances, and the discharge of the order in favor of D. C. W. Smith, nothing can be recovered by the appellant, under the pleadings in this case. If a limit had been imposed, or instructions given, contemporaneously with the said consignment and advances, as to the time or mode of sale, and that limit, or those instructions had been violated ; or if there had been any other breach of duty in making the sales, the appellees would have been liable to an action for the damages sustained by the defendants, J. Ripka & Co., or by the appellant, if his legal rights had been violated. But a claim resting in damages, and depending upon a possibility merely, is not attachable. The reason is, that it can only be recovered by an action *ex delicto*, and not by an action *ex contractu*. It can in no sense be regarded as a credit. 1 *Bouvier's Law Dictionary*, 351. *Sergeant on Attachment*, 76, 77. *Drake on Attachment*, § 527, § 525, § 526, and § 529.

8th. Admitting that we are wrong on other points, the measure of damages as laid down in the plaintiff's prayer, is not law. 3 *Parsons on Cont.*, 190, (*notes.*) *Frothingham vs. Everton*, 12 *N. H.*, 239.

COCHRAN, J., delivered the opinion of this Court.

We understand it to be finally settled, that a factor, who receives goods on consignment, without any limit as to

time, mode, or rate of sale, and makes advances or incurs liabilities on account of the goods consigned, thereby acquires a special property in them, and a right to sell, according to the usual course of his duty, so much thereof as may be necessary to reimburse such advances or meet such liabilities ; and further, that the consignor has no right, by any order given after the advances have been made or liabilities incurred, to control this right of sale, except so far as relates to the surplus of the goods not necessary for the reimbursement of such advances or liabilities, unless he stands ready, and offers to reimburse the advances or liabilities. *Brown vs. McGran.* 14 *Peters,* 479.

The consignments in this case were general ; the appellees having received, and made their advances on them, without any instructions from the consignors in regard to the selling prices, time, or mode of sale. The letter of the 10th of December 1861, fixing limits below which the goods were not to be sold, was written long after the appellees received the consignments and made the advances, and there is nothing in the record to show that the consignors offered or tendered themselves ready to reimburse the advances, either at the time or after this letter was written ; nor do the appellees appear to have assented to, or agreed with them, to comply with the instructions it contained. Under these circumstances, the limit put on the goods by the consignors was not of a character to affect in any degree the then existing right of the appellees to sell according to the usual course in such cases ; and, in that particular it is admitted that they acted in good faith, and obtained the best market price for the goods sold. We find nothing in the communications from the appellees to the appellant, nor in his reply to them to relieve the case from the operation of the rule stated. That of the former was a simple request for the views or wishes of the latter in

regard to the unsold goods, and his reply, contained in the letter to Mr. Dobbin, instead of requiring them to regard the limits prescribed in the December letter from Ripka & Co., clearly authorized such a variance or disregard of them as would enable the appellees to sell the goods. The clear inference from all the correspondence offered in evidence, is that the appellees were to sell the goods in the exercise of a sound discretion, and as there is no pretence that they did not make the best possible disposition of them, we think there was no error in rejecting the appellant's prayer, nor in granting the first and second of the appellees.

*Judgment affirmed.*

(Decided March 2nd, 1866.)